UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF WISCONSIN

---

THE ESTATE OF KRISTINA ANN FIEBRINK,
by Special Administrator Nathaniel Cade, Jr.; THE
ESTATE OF ANGELICA M. FIEBRINK; JOSE D.
MARTINEZ, JR.; and ROBERT MARTINEZ,

     Plaintiffs,

v.                                     Case No.: 18-CV-832

ARMOR CORRECTION HEALTH SERVICE, INC.;
DR. KAREN RONQUILLO-HORTON; BROOKE
SHAIKH APNP; VERONICA WALLACE, LPN;
BRITENY R. KIRK, LPN; EVA CAGE, LPN;
BRANDON DECKER APNP; MILWAUKEE
COUNTY, a municipal corporation; DAVID
A. CLARKE, JR.; RICHARD R. SCHMIDT;
LATISHA AIKENS; BRIAN PIASECKI;
JENNIFER MATTHEWS; LATRAIL COLE;
LATOYA RENFRO; JOHN DOES 1-10; JOHN
DOES 11-20; EVANSTON INSURANCE COMPANY;
And WISCONSIN COUNTY MUTUAL INSURANCE
COMPANY,

     Defendants.

---

**DEFENDANTS DAVID A. CLARKE, JR. AND RICHARD R. SCHMIDT'S
BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

---

Defendants, David A. Clarke, Jr. and Richard R. Schmidt, by their attorneys Crivello Carlson, S.C., respectfully submit this brief in support of their motion for judgment on the pleadings.

## BACKGROUND

Plaintiffs' filed the above-titled action against the Defendants Clarke and Schmidt, among others, on May 31, 2018. *See generally* (Compl., ECF No. 1.) In the complaint brought under, Plaintiffs allege that while Kristina Fiebrink was confined at Milwaukee County Jail ("MCJ") from August 24, 2016, to August 28, 2016, Defendants acted with deliberate indifference with regards to Fiebrink's medical needs in violation of her Fourth, Eighth, and Fourteenth Amendment rights. (*Id.* ¶¶ 2, 4.) Plaintiffs bring five causes of action in this case, four of which are directed at Clarke and Schmidt, among other defendants: a 42 U.S.C. § 1983 civil rights claim under *Monell v. Dept. of Soc. Svcs.*, 436 U.S. 658 (1978), (Compl. ¶¶ 97–109); "constitutional claims" for loss of society and companionship by Robert Martinez, (*id.* ¶¶ 110–18); negligence (*id.* ¶¶ 119–25); and wrongful death under Wis. Stat. § 895.03, (*id.* ¶¶ 126–28.) Clarke and Schmidt now move for judgment on the pleadings as to the federal claims against them.

## ARGUMENT

I. **JUDGMENT ON THE PLEADINGS IS APPROPRIATE BECAUSE THE COMPLAINT FAILS TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED AGAINST CLARKE AND SCHMIDT.**

The Federal Rules of Civil Procedure provide that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Courts review motions for judgment on the pleadings pursuant Rule 12(c) under the same standard as motions to dismiss pursuant Rule 12(b). *Frey v. Bank One*, 91 F.3d 45, 46 (7th Cir. 1996); *see also*

*Meighen v. Birds Eye Foods, Inc. Peoplease Corporations*, Case No. 12-CV-368, 2013 WL 12181034, at *2 (E.D. Wis. Feb. 26, 2013). To analyze the sufficiency of Plaintiffs' complaint on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the complaint should be construed in the light most favorable to the plaintiff, with all well-pleaded facts of the complaint accepted as true and all inferences drawn in the plaintiff's favor. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008).

However, a motion to dismiss should be granted if the Court finds that the complaint lacks a factual context sufficient to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 663–64 (2009) (holding that *Twombly*'s plausibility standard applies to all civil actions). "Factual allegations must be enough to raise a right to relief above the speculative level." *Iqbal*, 556 U.S. at 677. "Importantly, the Supreme Court's decisions in *Twombly* and *Iqbal* ushered in a requirement that civil pleadings demonstrate some merit or plausibility in complaint allegations to protect defendants from having to undergo costly discovery unless a substantial case is brought against them." *United States v. Vaughn*, 722 F.3d 918, 926 (7th Cir. 2013); *see also Twombly*, 550 U.S. at 557 (holding that a complaint must contain "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief).

If the allegations of a complaint give rise to an "'obvious alternative [legitimate] explanation'" for the conduct which is allegedly wrongful, the claim fails to meet the plausibility requirement and must be dismissed. *Iqbal*, 556 U.S. at 678

3

(quoting *Twombly*, 550 U.S. at 557). While a court should accept "the well-pleaded facts in the complaint as true" when analyzing a motion to dismiss, "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

Here, the allegations in the complaint show that judgment on the pleadings is appropriate as to Clarke and Schmidt because, even taking the factual allegations as true, they do not establish cognizable individual-capacity claims against Clarke and Schmidt because they fail to allege the requisite personal involvement necessary to establish such Section 1983 claims. Moreover, even taking as true Plaintiffs' allegations that sound in official-capacity claims under Section 1983 and *Monell*, those allegations amount to allegations against the municipality, Milwaukee County. Because Milwaukee County is a named-defendant in this action, there is no need for this action to maintain against Clarke and Schmidt. Accordingly, the complaint fails to state federal claims against Clarke and Schmidt and judgment on the pleadings should be granted as to those claims.

II. **THE COURT SHOULD GRANT JUDGMENT ON THE PLEADINGS AS TO ANY INDIVIDUAL-CAPACITY CLAIMS AGAINST CLARKE AND SCHMIDT FOR LACK OF PERSONAL INVOLVEMENT.**

The Seventh Circuit has "long held that liability under § 1983 must be predicated upon personal responsibility." *Brownlow v. Van Natta*, 2 F. App'x 516, 518–19 (7th Cir. 2001) (citing *Starzenski v. City of Elkhart*, 87 F.3d 872, 880 (7th Cir. 1996)). To that end, "the Seventh Circuit established in *Adams v. Pate*, 445

4

F.2d 105 (7th Cir. 1971)[,] that before liability will attach under § 1983, a plaintiff must demonstrate the defendant's **direct personal involvement** in the claimed deprivation of constitutional rights." *Franklin v. Israel*, 558 F. Supp. 712, 715 (W.D. Wis. 1983) (emphasis added) (citing as *see also Stringer v. Rowe*, 616 F.2d 993, 1000–01 (7th Cir. 1980)).

Here, there are no allegations that Clarke or Schmidt had any "direct personal involvement" in any specific incident during Fiebrink's custody at the Milwaukee County Jail from August 24, 2016, to August 28, 2016. *See* (Compl. ¶¶ 19–20, 30–41, ECF No. 1.) Rather, the allegations against Clarke and Schmidt are predicated on their official positions as policy-makers and overseers of MCJ in general. *See* (*id.* ¶¶ 97–109.) Indeed, there are no allegations that Clarke or Schmidt had any direct personal interaction with Fiebrink or were aware of her condition or presence at MCJ from August 24, 2016, to August 28, 2016. Similarly, there are no allegations that Clarke or Schmidt had any direct personal interaction with Robert Martinez in relation to his alleged constitutional claims. (*Id.* ¶¶ 110–18.)

Accordingly, because there are no allegations that Clarke or Schmidt had any direct personal involvement in the actual incidents surrounding any alleged constitutional deprivation sustained by Fiebrink or Robert Martinez, the Court should grant judgment on the pleadings as to any individual-capacity claims under 42 U.S.C. § 1983 .

5

**III. THE COURT SHOULD GRANT JUDGMENT ON THE PLEADINGS AS TO ANY OFFICIAL-CAPACITY CLAIMS AGAINST CLARKE AND SCHMIDT BECAUSE THEY ARE TANTAMOUNT TO CLAIMS AGAINST MILWAUKEE COUNTY, WHICH IS A PARTY-DEFENDANT IN THIS ACTION.**

"An official capacity claim is tantamount to a claim against the government entity itself." *Gusman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007); *Smith v. Sangamon County Sheriff's Dept.*, 715 F.3d 188, 191 (7th Cir. 2013). "In this context, an official capacity claim requires [Plaintiffs] to show that the municipal action 'was taken with deliberate indifference as to its known or obvious consequences.'" *Guzman*, 495 F.3d at 859 (quoting *Boyce v. Moore*, 314 F.3d 884, 891 (7th Cir. 2002)).

Here, in an official-capacity Section 1983 claim, Plaintiffs seek to hold Clarke and Schmidt liable by virtue of their official positions and alleged policy-making responsibility at MCJ. *See* (Compl.¶¶ 19–20, 97–109, ECF No. 1.) These types of allegations amount to a claim against Milwaukee County itself. *See Gusman*, 495 F.3d at 859; *see also Monell v. Dept. of Soc. Svcs.*, 436 U.S. 658 (1978). Milwaukee County is a named defendant in this action, and a civil rights claim under Count II of the complaint is directed at Milwaukee County, as well as at Clarke and Schmidt. (*Id.* ¶¶ 18, 97–109.) Indeed, the title of Count II directed at Milwaukee County, Clarke, and Schmidt specifically states that it is pursuing "*Monell* Liability." (*Id.* ¶ 97.) Thus, the official-capacity claims against Clarke and Schmidt effectively duplicate an already-pled claim against Milwaukee County. Accordingly, the Court

6

should grant judgment on the pleadings as to any duplicative official-capacity claims as against Defendants Clarke and Schmidt.

## CONCLUSION

Because there are insufficient allegations to proceed with individual-capacity claims against Clarke and Schmidt and because any official-capacity claims would be unnecessarily duplicative of the 42 U.S.C. § 1983 claim against Milwaukee County, the Court should grant judgment on the pleadings in favor of Defendants Clarke and Schmidt. For all of the reasons above, Defendants David A. Clarke, Jr. and Richard R. Schmidt, respectfully request that this Court grant judgment on the pleadings as to Plaintiff's federal claims against Defendants Clarke and Schmidt.

Dated this 28th day of August, 2018.

CRIVELLO CARLSON, S.C.

By: s/ Samuel C. Hall, Jr.
SAMUEL C. HALL, JR.
State Bar No. 1045476
BENJAMIN A. SPARKS
State Bar No. 1092405
KYLE R. MOORE
State Bar No. 1101745

P.O. ADDRESS:
710 N. Plankinton Avenue, Suite 500
Milwaukee, WI 53203
(414) 271-7722 – Phone
(414) 271-4438 – Fax
E-mail: shall@crivellocarlson.com
E-mail: bsparks@crivellocarlson.com
E-mail: kmoore@crivellocarlson.com