# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| THE ESTATE OF KRISTINA ANN FIEBRINK, *by special administrator Nathaniel Cade, Jr.*, THE ESTATE OF ANGELICA M. FIEBRINK, JOSE D. MARTINEZ, JR., and ROBERT MARTINEZ, ,<br><br>        Plaintiffs,<br><br>v.<br><br>ARMOR CORRECTIONAL HEALTH SERVICES, INC., DR. KAREN RONQUILLO-HORTON, BROOKE SHAIKH, VERONICA WALLACE, BRITENY R. KIRK, EVA CAGE, BRANDON DECKER, MILWAUKEE COUNTY, DAVID A. CLARKE, JR., RICHARD R. SCHMIDT, LATISHA AIKENS, BRIAN PIASECKI, JENNIFER MATTHEWS, LATRAIL COLE, LATOYA RENFRO, JOHN DOES 1–20, EVANSTON INSURANCE COMPANY, and WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION,<br><br>        Defendants. | Case No. 18-CV-832-JPS<br><br><br><br><br><br><br><br>**ORDER** |

In this action, Plaintiffs seek to recover damages stemming from the death of Kristina Fiebrink ("Fiebrink") on August 28, 2018, while incarcerated at the Milwaukee County Jail (the "Jail"). (Docket #1). Plaintiffs allege misconduct by both Milwaukee County (the "County") officials and employees of Armor Correctional Health Services, Inc. ("Armor"), a private

company that contracts with the County to provide medical care to Jail inmates. The matter was originally assigned to Magistrate Judge Nancy Joseph, but after several of the defendants refused to consent to her exercise of jurisdiction, the case was reassigned to this branch of the Court.

On September 11, 2018, Armor filed two motions to dismiss. The first argues that Plaintiffs' *Monell* claim against Armor—alleging that it had a policy or practice of failing to provide adequate healthcare to Jail inmates—is legally insufficient. (Docket #30). The second contends that Fiebrink's adult son and one of the plaintiffs, Robert Martinez, lacks standing to bring claims for loss of society and companionship. (Docket #32).

In connection with the motion to dismiss the *Monell* claim, Armor filed a motion requesting that the Court stay all proceedings and discovery until the motion is resolved. (Docket #29). That motion will be denied. It is the practice of this branch of the Court, consistent with the dictates of Rule 1 of the Federal Rules of Civil Procedure, to conclude all civil actions within one year of the date they are filed. Fed. R. Civ. P. 1 (courts must administer the Federal Rules to "secure the just, speedy, and inexpensive determination of every action"). As such, the parties and counsel are expected to undertake their pretrial tasks early and with diligence. A lengthy stay at the outset of the case will countermand that goal.

Moreover, Armor identifies no meaningful prejudice that might result from the proceedings during this early phase of the case. First, Armor contends that having to respond to Plaintiffs' prospective discovery requests will be burdensome, as Plaintiffs' broad *Monell* claim will allow them to go on a fishing expedition through its records. (Docket #34 at 5).

Yet, no discovery requests appear to have been served to date. Given the Court's prerogative to conclude civil matters expeditiously, it makes no sense to stay an entire case based on the hypothetical objectionability of some portion of Plaintiffs' discovery requests. If Armor has specific concerns arising from particular requests, it may raise them at the appropriate juncture.

Similarly, Armor cannot credibly contend that it is prejudiced by having to participate in formulating a Rule 26(f) discovery plan or preparing initial disclosures under Rule 26(a)(1). *Id.* at 6; (Docket #24). These are common, straightforward litigation tasks that will demand only a little of counsel's time. Moreover, since dismissal of the *Monell* claim will not eliminate Armor's employees from the case—there are individual constitutional claims against them that do not hinge on the *Monell* theory— these tasks will have to be completed by its counsel in any event. As a result, there is nothing tying these burdens to Plaintiffs' allegedly overbroad *Monell* claim in particular.

For these reasons, the Court finds that good cause does not support the imposition of a stay, and it will therefore exercise its discretion to deny Armor's motion to stay. *See* Fed. R. Civ. P. 26(c); *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) (district courts enjoy broad discretion in deciding whether a stay is appropriate).

Accordingly,

**IT IS ORDERED** that Defendant Armor Correctional Health Services, Inc.'s motion to stay proceedings and discovery (Docket #29) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 13th day of September, 2018.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge