UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF WISCONSIN

---

THE ESTATE OF KRISTINA ANN FIEBRINK,
by Special Administrator Nathaniel Cade, Jr.; THE
ESTATE OF ANGELICA M. FIEBRINK; JOSE D.
MARTINEZ, JR.; and ROBERT MARTINEZ,

    Plaintiffs,

v.                                                    Case No.: 18-CV-832

ARMOR CORRECTION HEALTH SERVICE, INC.;
DR. KAREN RONQUILLO-HORTON; BROOKE
SHAIKH APNP; VERONICA WALLACE, LPN;
BRITENY R. KIRK, LPN; EVA CAGE, LPN;
BRANDON DECKER APNP; MILWAUKEE
COUNTY, a municipal corporation; DAVID
A. CLARKE, JR.; RICHARD R. SCHMIDT;
NANCY EVANS, KEVIN NYKLEWICZ;
LATISHA AIKENS; BRIAN PIASECKI;
JENNIFER MATTHEWS; LATRAIL COLE;
LATOYA RENFRO; JOHN DOES 1-10; JOHN
DOES 11-20; EVANSTON INSURANCE COMPANY;
WISCONSIN HEALTH CARE LIABILITY INSURANCE
PLAN; and WISCONSIN COUNTY MUTUAL INSURANCE
COMPANY,

    Defendants.

---

**DEFENDANTS DAVID A. CLARKE, JR., RICHARD R. SCHMIDT, NANCY EVANS, AND KEVIN NYKLEWICZ'S BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

---

       Defendants, David A. Clarke, Jr., Richard R. Schmidt, Nancy Evans, and Kevin Nyklewicz, by their attorneys Crivello Carlson, S.C., respectfully submit this brief in support of their motion for judgment on the pleadings.

## BACKGROUND

Plaintiffs filed the above-titled Amended Complaint against Defendants Clarke, Schmidt, Evans, and Nyklewicz, among others, on October 16, 2018. *See generally* (Am. Compl., ECF No. 57.) In the Amended Complaint brought under 42 U.S.C. § 1983, Plaintiffs allege that while Kristina Fiebrink was confined at Milwaukee County Jail ("MCJ") from August 24, 2016, to August 28, 2016, Defendants acted with deliberate indifference with regards to Fiebrink's medical needs in violation of her Fourth, Eighth, and Fourteenth Amendment rights. (*Id.* ¶¶ 1–4, 95–103.) Plaintiffs bring five causes of action in this case, with Counts I through III premised on 42 U.S.C. § 1983 for alleged violations of Fiebrink's constitutional rights and Robert Martinez's constitutional rights for loss of society and companionship. (*Id.* ¶¶ 95–139.) Clarke, Schmidt, Evans, and Nyklewicz now move for judgment on the pleadings as to Counts I through III of the Amended Complaint.

## ARGUMENT

### I. JUDGMENT ON THE PLEADINGS IS APPROPRIATE BECAUSE THE AMENDED COMPLAINT FAILS TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED AGAINST THEM.

The Federal Rules of Civil Procedure provide that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Courts review motions for judgment on the pleadings pursuant Rule 12(c) under the same standard as motions to dismiss pursuant Rule 12(b). *Frey v. Bank One*, 91 F.3d 45, 46 (7th Cir. 1996); *see also*

*Meighen v. Birds Eye Foods, Inc. Peoplease Corporations*, Case No. 12-CV-368, 2013 WL 12181034, at *2 (E.D. Wis. Feb. 26, 2013). To analyze the sufficiency of a complaint on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the pleading should be construed in the light most favorable to the plaintiff, with all well-pleaded facts of the complaint accepted as true and all inferences drawn in the plaintiff's favor. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008).

However, a motion to dismiss should be granted if the Court finds that the pleading lacks a factual context sufficient to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 663–64 (2009) (holding that *Twombly*'s plausibility standard applies to all civil actions). "Factual allegations must be enough to raise a right to relief above the speculative level." *Iqbal*, 556 U.S. at 677. "Importantly, the Supreme Court's decisions in *Twombly* and *Iqbal* ushered in a requirement that civil pleadings demonstrate some merit or plausibility in complaint allegations to protect defendants from having to undergo costly discovery unless a substantial case is brought against them." *United States v. Vaughn*, 722 F.3d 918, 926 (7th Cir. 2013); *see also Twombly*, 550 U.S. at 557 (holding that a complaint must contain "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief).

If the allegations of a complaint give rise to an "'obvious alternative [legitimate] explanation'" for the conduct which is allegedly wrongful, the claim fails to meet the plausibility requirement and must be dismissed. *Iqbal*, 556 U.S. at 678

3

(quoting *Twombly*, 550 U.S. at 557). While a court should accept "the well-pleaded facts in the complaint as true" when analyzing a motion to dismiss, "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

Here, the allegations in the Amended Complaint show that judgment on the pleadings is appropriate as to Clarke, Schmidt, Evans, and Nyklewicz because, even taking the factual allegations as true, they do not establish cognizable individual-capacity claims against Clarke, Schmidt, Evans, and Nyklewicz because they fail to allege the requisite personal involvement necessary to establish such Section 1983 claims. Moreover, even taking as true Plaintiffs' allegations that sound in official-capacity claims under Section 1983 and *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658 (1978), those allegations amount to allegations against the municipality, Milwaukee County. Because Milwaukee County is a named defendant in this action, there is no need for this action to maintain against Clarke, Schmidt, Evans, and Nyklewicz. Accordingly, because the Amended Complaint fails to state federal claims against Clarke, Schmidt, Evans, and Nyklewicz, judgment on the pleadings should be granted as to Counts I through III.

**II. THE COURT SHOULD GRANT JUDGMENT ON THE PLEADINGS AS TO ANY INDIVIDUAL-CAPACITY CLAIMS AGAINST CLARKE, SCHMIDT, EVANS, AND NYKLEWICZ FOR LACK OF PERSONAL INVOLVEMENT.**

The Seventh Circuit has "long held that liability under § 1983 must be predicated upon personal responsibility." *Brownlow v. Van Natta*, 2 F. App'x 516,

4

518–19 (7th Cir. 2001) (citing *Starzenski v. City of Elkhart*, 87 F.3d 872, 880 (7th Cir. 1996)). To that end, "the Seventh Circuit established in *Adams v. Pate*, 445 F.2d 105 (7th Cir. 1971)[,] that before liability will attach under § 1983, a plaintiff must demonstrate the defendant's **direct personal involvement** in the claimed deprivation of constitutional rights." *Franklin v. Israel*, 558 F. Supp. 712, 715 (W.D. Wis. 1983) (emphasis added) (citing as *see also Stringer v. Rowe*, 616 F.2d 993, 1000–01 (7th Cir. 1980)).

Here, there are no allegations that Clarke, Schmidt, Evans, or Nyklewicz had any "direct personal involvement" in any specific incident during Fiebrink's custody at the Milwaukee County Jail from August 24, 2016, to August 28, 2016. *See* (Am. Compl. ¶¶ 19–22, 33–48, ECF No. 57.) There are no allegations that Clarke, Schmidt, Evans, or Nyklewicz knew that Fiebrink was in custody during the timeframe alleged, nor that she had a medical condition that required attention at that time. *See* (*id.* ¶¶ 19–22, 54, 57, 62–63, 68, 82–86, 104–30.) Similarly, there are no allegations that Schmidt, Evans, or Nyklewicz knew of and facilitated, approved, condoned, or turned a blind eye to any specific acts or conduct directly involving Fiebrink. *See* (*id.*) Rather, the allegations relating to Clarke, Schmidt, Evans, and Nyklewicz refer to their knowledge, facilitation, approval, condonation, or willful ignorance of general policies and practices at MCJ—not a specific instance involving Fiebrink. (*Id.*) Thus, the allegations relating to Clarke, Schmidt, Evans, and Nyklewicz are predicated on their official positions as policy-makers and overseers

5

of MCJ in general. *See* (*id.*) The same is true of the allegations relating to Robert Martinez in relation to his alleged constitutional claims. (*Id.* ¶¶ 131–39.)

Accordingly, because there are no allegations that Clarke, Schmidt, Evans, or Nyklewicz had any direct personal involvement in the actual incidents surrounding any alleged constitutional deprivation sustained by Fiebrink or Robert Martinez, the Court should grant judgment on the pleadings as to Counts I and III of the Amended Complaint, the individual-capacity allegations.

### III. THE COURT SHOULD GRANT JUDGMENT ON THE PLEADINGS AS TO ANY OFFICIAL-CAPACITY CLAIMS AGAINST CLARKE, SCHMIDT, EVANS, AND NYKLEWICZ BECAUSE THEY ARE TANTAMOUNT TO CLAIMS AGAINST MILWAUKEE COUNTY, WHICH IS A PARTY-DEFENDANT IN THIS ACTION.

"An official capacity claim is tantamount to a claim against the government entity itself." *Gusman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007); *Smith v. Sangamon County Sheriff's Dept.*, 715 F.3d 188, 191 (7th Cir. 2013). "In this context, an official capacity claim requires [Plaintiffs] to show that the municipal action 'was taken with deliberate indifference as to its known or obvious consequences.'" *Guzman*, 495 F.3d at 859 (quoting *Boyce v. Moore*, 314 F.3d 884, 891 (7th Cir. 2002)).

Here, in an official-capacity Section 1983 claim, Plaintiffs seek to hold Clarke, Schmidt, Evans, and Nyklewicz liable by virtue of their official positions and alleged policy-making responsibility at MCJ. *See* (Am. Compl. ¶¶ 19–22, 104–30, ECF No. 57.) These types of allegations amount to a claim against Milwaukee County itself. *See Gusman*, 495 F.3d at 859; *see also Monell*, 436 U.S. 658 (1978).

6

Milwaukee County is a named defendant in this action, and a civil rights claim under Count II of the Amended Complaint is directed at Milwaukee County, as well as at Clarke, Schmidt, Evans, and Nyklewicz. (*Id.* ¶¶ 18, 104–30.) The title of Count II directed at Milwaukee County, Clarke, Schmidt, Evans, and Nyklewicz specifically states that it is pursuing "*Monell* Liability." (*Id.* at Count II.) Thus, the official-capacity claims against Clarke, Schmidt, Evans, and Nyklewicz effectively duplicate an already-pled claim against Milwaukee County. Accordingly, the Court should grant judgment on the pleadings as to Count II of the Amended Complaint, a duplicative official-capacity claim against Defendants Clarke, Schmidt, Evans, and Nyklewicz.

## **CONCLUSION**

Because there are insufficient allegations to proceed with individual-capacity claims against David A. Clarke, Jr., Richard R. Schmidt, Nancy Evans, and Kevin Nyklewicz, and because any official-capacity claims would be unnecessarily duplicative of the 42 U.S.C. § 1983 claim against Milwaukee County, the Court should grant judgment on the pleadings in favor of David A. Clarke, Jr., Richard R. Schmidt, Nancy Evans, and Kevin Nyklewicz,. For all of the reasons above, Defendants, David A. Clarke, Jr., Richard R. Schmidt, Nancy Evans, and Kevin Nyklewicz, respectfully request that this Court grant judgment on the pleadings as to Counts I through III of the Amended Complaint.

7

Case 2:18-cv-00832-JPS-NJ   Filed 10/30/18   Page 7 of 8   Document 72

Dated this 30th day of October, 2018.

        CRIVELLO CARLSON, S.C.
        Attorneys for Defendants Milwaukee County, David A. Clarke, Jr., Richard R. Schmidt, Nancy Evans, Kevin Nyklewicz, Latisha Aikens, Brian Piasecki, Jennifer Matthews, Latrail Cole, Latoya Renfro, John Does 1–10, and Wisconsin County Mutual Insurance Corp.

        By:   s/ Samuel C. Hall, Jr.
            SAMUEL C. HALL, JR.
            State Bar No. 1045476
            BENJAMIN A. SPARKS
            State Bar No. 1092405
            KYLE R. MOORE
            State Bar No. 1101745

P.O. ADDRESS:
710 N. Plankinton Avenue, Suite 500
Milwaukee, WI 53203
(414) 271-7722 – Phone
(414) 271-4438 – Fax
E-mail: shall@crivellocarlson.com
E-mail: bsparks@crivellocarlson.com
E-mail: kmoore@crivellocarlson.com

8