THE ESTATE OF KRISTINA ANN FIEBRINK,
by Special Administrator Nathaniel Cade, Jr.; THE
ESTATE OF ANGELICA M. FIEBRINK; JOSE D.
MARTINEZ, JR.; and ROBERT MARTINEZ,

    Plaintiffs,

v.                                                Case No.: 18-CV-832

ARMOR CORRECTION HEALTH SERVICE, INC.;
DR. KAREN RONQUILLO-HORTON; BROOKE
SHAIKH APNP; VERONICA WALLACE, LPN;
BRITENY R. KIRK, LPN; EVA CAGE, LPN;
BRANDON DECKER APNP; MILWAUKEE
COUNTY, a municipal corporation; DAVID
A. CLARKE, JR.; RICHARD R. SCHMIDT;
NANCY EVANS, KEVIN NYKLEWICZ;
LATISHA AIKENS; BRIAN PIASECKI;
JENNIFER MATTHEWS; LATRAIL COLE;
LATOYA RENFRO; JOHN DOES 1-10; JOHN
DOES 11-20; EVANSTON INSURANCE COMPANY;
WISCONSIN HEALTH CARE LIABILITY INSURANCE
PLAN; and WISCONSIN COUNTY MUTUAL INSURANCE
COMPANY,

    Defendants.

**DEFENDANTS DAVID A. CLARKE, JR., RICHARD R. SCHMIDT, NANCY EVANS, AND KEVIN NYKLEWICZ'S REPLY BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

    Defendants, David A. Clarke, Jr., Richard R. Schmidt, Nancy Evans, and

Kevin Nyklewicz ("County Defendants"), by their attorneys Crivello Carlson, S.C.,

respectfully submit this reply brief in support of their motion for judgment on the pleadings.

## INTRODUCTION

In their response to the County Defendants' motion for judgment on the pleadings, Plaintiffs do not clarify whether they intend to proceed with individual-capacity or official-capacity claims against Defendants Clarke, Schmidt, Evans, and Nyklewicz. Instead, to support their argument that these Defendants can be held individually liable, Plaintiffs cite to cases where courts allowed pro se plaintiffs to move past the pleading stage against high-level officials in order to allow discovery to reveal the individuals involved with the alleged unconstitutional incidents. Plaintiffs further mistakenly attempt to liken high-level law enforcement officials to an officer in the field involved in a failure-to-intervene scenario. The case law does not support this analogy for holding uninvolved, high-level officials liable for individual-capacity Section 1983 claims.

Further, Plaintiffs reference sources and cite information outside the pleadings, and assert that the County Defendants can be held liable under Section 1983 for the actions of their subordinates by virtue of the generic policy-making responsibilities associated with their positions within the Milwaukee County Jail. Plaintiffs do not dispute that such a theory of liability resembles an official-capacity claim, which is no different than, and thus redundant of, the *Monell* claim already pled against Milwaukee County in this case.

For these reasons and those explained more fully below, Plaintiffs have failed to refute that their Amended Complaint fails to state claims under 42 U.S.C. § 1983 against Defendants David A. Clarke, Jr., Richard R. Schmidt, Nancy Evans, and Kevin Nyklewicz. Accordingly, the Court should grant judgment on the pleadings as to those claims and Defendants.

## ARGUMENT

### I. THE COURT SHOULD GRANT JUDGMENT ON THE PLEADINGS AS TO ANY INDIVIDUAL-CAPACITY SECTION 1983 CLAIMS AGAINST CLARKE, SCHMIDT, EVANS, AND NYKLEWICZ FOR LACK OF PERSONAL INVOLVEMENT.

Plaintiffs do not dispute that the Amended Complaint lacks allegations showing that the Clarke, Schmidt, Evans, and Nyklewicz had any contact with Kristina Fiebrink during her detention in the Milwaukee County Jail in August 2016. Plaintiffs further do not dispute that there are no allegations showing that Clarke, Schmidt, Evans, and Nyklewicz knew that Ms. Fiebrink was in the jail at that time.

To support their argument that Clarke, Schmidt, Evans, and Nyklewicz can be held individually liable despite the lack of allegations as to involvement with Ms. Fiebrink's detention in August 2016, Plaintiffs cite three inapplicable cases: *Daniel v. Cook County*, 833 F.3d 728 (7th Cir. 2016), *Duncan v. Duckworth*, 644 F.2d 653, (7th Cir. 1981), and *Chavis v. Rowe*, 643 F.2d 1281 (7th Cir. 1981). (Pls.' Comb. Br. Opp. Defs.' Mot. J. Pleadings at 6, ECF No. 117.) First, the holding and analysis in *Daniel* as it relates to the sheriff-defendant in that case was evaluated within the overall analysis of the plaintiff's claim under *Monell v. Dept. of Soc. Svcs.*, 436 U.S.

3

658 (1978). *See Daniel*, 833 F.2d at 733–37. Further, like *Duncan* and *Chavis*, the plaintiff in *Daniel* began the action as a pro se plaintiff. *Id.* at 732.

In *Duncan v. Duckworth*, the Seventh Circuit allowed a pro se plaintiff to proceed past the pleading stage in a civil rights action against the prison hospital administrator where the plaintiff alleged that it took 22 months to receive adequate treatment for a wrist injury. 644 F.2d 653, 655–56 (7th Cir. 1981). The Seventh Circuit explained that, "[u]nder these circumstances, it is understandable that a pro se litigant would name only the administrative officer, whose identity he knows . . . ." *Id.* The court further instructed that, in these types of cases where pro se plaintiffs are typically at a "distinct disadvantage" of discovering those who may have caused delays in treatment, district courts should "proceed on the claim and allow the named defendant to assert his own noninvolvement, if that is the case, and designate those who would likely have been responsible for whatever deprivation may have occurred." *Id.* The plaintiff also named the prison's warden as a defendant, and the court dismissed the warden due to there being no alleged personal involvement and because it had allowed the plaintiff to proceed on his claim against the hospital administrator, which was sufficient to allow the plaintiff to conduct discovery and determine the individuals who were involved in his alleged constitutional deprivations. *Id.*

In explaining the approach to take in cases like *Duncan*, the Seventh Circuit likened that case to *Chavis*. *See id.* In *Chavis*, the Seventh Circuit held that a plaintiff—who filed his complaint pro se—stated claims for cruel and unusual

4

punishment notwithstanding the fact that he failed "to name a particular defendant in connection with his Eighth Amendment allegation . . . ." 643 F.2d at 1290 n.9. In a footnote, the court noted that "[i]nstead of dismissing a pro se complaint for failure to identify certain unnamed defendants, the district court should have ordered their disclosure or permitted plaintiff to obtain their identity through discovery." *Id.* (summarizing *Maclin v. Paulson*, 627 F.2d 83, 87–88 (7th Cir. 1980)).

The procedural circumstances in *Duncan* and *Chavis* rest in stark contrast to those present here. Plaintiffs are represented by reputable counsel, who have already named specific party-defendants from Milwaukee County who Plaintiffs allege were personally involved in the incidents surrounding Ms. Fiebrink's death. *See, e.g.*, (Am. Compl. ¶¶ 23–27, ECF No. 57.) This case is not like *Duncan* or *Chavis*, where the procedural circumstances and pro se pleading standards require this Court to follow a "departure from a strict application of *Adams v. Pate* . . . ." *Duncan*, 644 F.2d at 656 (citing *Adams v. Pate*, 445 F.2d 105, 108 (7th Cir. 1971) (holding that direct personal responsibility for the claimed deprivation of a constitutional right must be established in order for liability to arise under Section 1983)).

Moreover, cases from Wisconsin's district courts demonstrate that, even in light of the holdings in *Duncan* and *Chavis*, where a pro se plaintiff proceeds under the less stringent pleading standard, he or she must still ultimately prove that the

5

defendant was personally involved in the alleged constitutional deprivation in order to succeed on an individual-capacity claim.

For instance, in *Franklin v. Israel*, the Western District of Wisconsin dismissed the pro se plaintiff's civil rights action seeking damages for due process violations because the only named defendant was the warden of the prison and the court found that the plaintiff failed to show that the warden was personally involved in any alleged constitutional deprivation. 558 F. Supp. 712, 715 (W.D. Wis. 1983). In that case, the court specifically recognized "a limited number of § 1983 cases," like *Duncan* and *Chavis*, where "the courts have allowed prisoners to proceed against high-ranking prison officials without showing personal involvement during the early stages of the lawsuits." *Id.* at 715 n.2 (citing *Duncan*, 644 F.2d at 653; *Chavis*, 643 F.2d at 1281). Nonetheless, the court granted summary judgment in favor of the defendant because there was no competent evidence that the warden was personally involved in any constitutional deprivation and the "highest authority in a correctional facility has no legal responsibility, by virtue of his office alone, for the acts of all staff members under his supervision." *Id.* at 715. Similarly, in *Brownlow v. Van Natta*, the Seventh Circuit upheld summary judgment in favor of a defendant who the plaintiff failed to show had any knowledge about the alleged acts surrounding the plaintiff's alleged constitutional deprivation. 2 F. App'x 516, 518–19 (7th Cir. 2001).

The same is true of the failure-to-intervene cases Plaintiffs cite in a misguided attempt to analogize an officer present in the filed during an active

6

deprivation of constitutional rights with a high-level jail official with no knowledge of a specific inmate's presence in the jail. (Pls.' Comb. Br. Opp. Defs.' Mot. J. Pleadings at 6–7, ECF No. 117.) Plaintiffs first cite to the part-concurring and part-dissenting opinion in *Colbert v. City of Chicago*, 851 F.3d 649, 664 (7th Cir. 2017), a case where the majority of the Seventh Circuit held that the plaintiff failed to "specifically identify any officer who was responsible for the alleged damage, or any who turned a blind eye to other officers' allegedly illegal actions," *id.* at 659–60. The court based its holding on the rule that a failure-to-intervene claim requires a showing "that an officer ignored a realistic opportunity to intervene while other officers acted illegally," and the requirement that a plaintiff "satisfy § 1983's individual-responsibility requirement" by making "an individual identification of the officers who failed to act . . . ." *Id.*

Further, Plaintiffs' citation to *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000), presents only part of the rule in failure-to-intervene cases, where the Seventh Circuit explained that, "[u]nder this rule, police officers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's rights through the use of excessive force but fail to do so" can be held liable. The allegations in the Amended Complaint, on their face, do not present circumstances similar to those where the failure-to-intervene rule in *Miller* is applicable.

Similarly, the Seventh Circuit confirmed the personal-involvement requirement in another case Plaintiffs cite, *Crowder v. Lash*, 687 F.2d 996, 1002,

7

1005–06 (7th Cir. 1982), (Pls.' Comb. Br. Opp. Defs.' Mot. J. Pleadings at 7, ECF No. 117), where the court affirmed a directed verdict in favor of the commissioner of corrections in Indiana due to lack of personal involvement in circumstances surrounding a prisoner's conditions of confinement, while reversing a directed verdict for two defendants who "participated directly" in the inmate's disciplinary and personally denied the inmate's requests for legal assistance.

In short, all of the cases cited in Plaintiffs' opposition to Defendants' motion for judgment on the pleadings provide the Court with well-established rules and applications of those rules to hold that any individual-capacity Section 1983 claims against Clarke, Schmidt, Evans, and Nyklewicz should be dismissed for lack of allegations of personal involvement. This is not a pro se case like *Duncan*, *Chavis*, *Franklin*, or *Brownlow*, where the personal-involvement requirement set out in *Adams v. Pate* is subject to modification. This is also not a failure-to-intervene case like *Colbert* or *Miller* where there are allegations that Clarke, Schmidt, Evans, or Nyklewicz were witnesses to another officer's use of force.

Thus, because Plaintiffs' have failed to state individual-capacity claims under 42 U.S.C. § 1983 against Clarke, Schmidt, Evans, and Nyklewicz, the Court should grant judgment on the pleadings and dismiss any such claims.

**II. THE COURT SHOULD GRANT JUDGMENT ON THE PLEADINGS AS TO ANY OFFICIAL-CAPACITY SECTION 1983 CLAIMS AGAINST CLARKE, SCHMIDT, EVANS, AND NYKLEWICZ BECAUSE THEY ARE REDUNDANT OF CLAIMS AGAINST MILWAUKEE COUNTY.**

Plaintiffs do not dispute that official-capacity claims against Clarke, Schmidt, Evans, and Nyklewicz are tantamount to claims against Milwaukee County.

Plaintiffs further do not dispute that such claims are already pled against Milwaukee County. *See Gusman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007); *Smith v. Sangamon County Sheriff's Dept.*, 715 F.3d 188, 191 (7th Cir. 2013). Importantly, Plaintiffs do not dispute that "district courts routinely dismiss official capacity claims against individuals as 'redundant' where the appropriate municipality is also named." *Comsys, Inc. v. City of Kenosha Wisconsin*, 223 F. Supp. 3d 792, 802 (E.D. Wis. 2016); *see also, e.g., See, e.g., Ball v. City of Muncie*, 28 F. Supp. 3d 797, 802 (N.D. Ind. 2014) ("[B]ecause the City of Muncie is the real party in interest here, the official-capacity claims against [the mayor] shall be dismissed as duplicative of the claims against the City of Muncie.").

Nonetheless, Plaintiffs allege in their opposition to the County Defendants' motion for judgment on the pleadings that—based national opioid statistics and information in Dr. Shanksy's report not included[1] in the Amended Complaint—Clarke, Schmidt, Evans, and Nyklewicz should be held liable under Section 1983 for "fail[ing] to adopt adequate policies to deal with the known risks of heroin withdrawal (a reoccurring circumstance in the jail) and fail[ing] to adequately supervise and train subordinates . . . ." (Pls.' Comb. Br. Opp. Defs.' Mot. J. Pleadings at 7–8, ECF No. 117.)

This is precisely the type of claim that has already been alleged against Milwaukee County under *Monell*. *See* (Am. Compl. ¶¶ 104–30, ECF No. 57.)

---

[1] "When extrinsic evidence outside the pleadings is submitted with a motion to dismiss under Rule 12(c), the court generally must either convert the motion into one for summary judgment under Fed.R.Civ.P. 56, or exclude the documents attached to the motion to dismiss and continue under Rule 12(c)." *Hung Nam Tran v. Kriz*, No. 08-C-228, 2008 WL 4889325, *1 (E.D. Wis. Nov. 12, 2008).

Plaintiffs do not contest the County Defendants' argument that the allegations and claims relating to policies, supervision, and training duplicate the same claims against the four jail officials and Milwaukee County. More importantly, Plaintiffs do not provide the Court with any reasoning as to why identical allegations seeking identical redress is warranted against five defendants, particularly when the sufficiency of the allegations against Milwaukee County are not being challenged at the pleading stage and Milwaukee County is the real party in interest. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (explaining that an official-capacity suit is "in all respects other than name, to be treated as a suit against the [municipal] entity . . . for the real party in interest is the entity."). The official-capacity allegations against Clarke, Schmidt, Evans, and Nyklewicz are therefore redundant of the allegations against Milwaukee County and should be dismissed.

Accordingly, the Court should grant judgment on the pleadings and dismiss any official-capacity Section 1983 claims against Defendants Clarke, Schmidt, Evans, and Nyklewicz.

## CONCLUSION

Because there are insufficient allegations to proceed with individual-capacity claims against Clarke, Schmidt, Evans, and Nyklewicz and because any official-capacity claims would be unnecessarily redundant of the 42 U.S.C. § 1983 claim against Milwaukee County, the Court should grant judgment on the pleadings in favor of Defendants Clarke, Schmidt, Evans, and Nyklewicz. For all of the reasons above and those outlined in their moving brief, Defendants David A. Clarke, Jr.,

10

Case 2:18-cv-00832-JPS-NJ   Filed 12/04/18   Page 10 of 11   Document 136

Richard R. Schmidt, Nancy Evans, and Kevin Nyklewicz, respectfully request that this Court grant judgment on the pleadings as to Plaintiff's federal claims against these moving Defendants.

Dated this 4th day of December, 2018.

CRIVELLO CARLSON, S.C.
Defendants David A. Clarke, Jr.,
Richard R. Schmidt, Nancy Evans, and
Kevin Nyklewicz

By: s/ Benjamin A. Sparks
SAMUEL C. HALL, JR.
State Bar No. 1045476
BENJAMIN A. SPARKS
State Bar No. 1092405
KYLE R. MOORE
State Bar No. 1101745

P.O. ADDRESS:
710 N. Plankinton Avenue, Suite 500
Milwaukee, WI 53203
(414) 271-7722 – Phone
(414) 271-4438 – Fax
E-mail: shall@crivellocarlson.com
E-mail: bsparks@crivellocarlson.com
E-mail: kmoore@crivellocarlson.com