UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| THE ESTATE OF KRISTINA ANN FIEBRINK, et al., | Case No.: 18-CV-832 |
| Plaintiffs, | Hon.: J.P. Stadtmueller |
| v. | |
| ARMOR CORRECTIONAL HEALTH SERVICES, INC., et al, | |
| Defendants. | |

**DEFENDANT EVANSTON INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

NOW COMES Defendant, EVANSTON INSURANCE COMPANY by its attorneys, Nicolaides Fink Thorpe Michaelides Sullivan LLP, and for its Memorandum in Support of its Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 states as follows:

### I. INTRODUCTION

Evanston is a defendant in this personal injury lawsuit even though it committed no tortious act that caused Plaintiffs' alleged injuries. Evanston is named as a defendant for a tort it played no part in due to Wisconsin's Direct Action statutory arrangement. Plaintiff must plead and prove two statutes to maintain its Direct Action against Evanston: Wis. Stat. § 803.04(2), the procedural statute, and Wis. Stat. § 632.24, the substantive statute. Here, Plaintiffs failed to plead the substantive part of a Direct Action, Section 632.24; therefore, Plaintiffs' claims against Evanston should be dismissed as a matter of law.

Moreover, even if Section 632.24 was pled, Evanston cannot be liable for any judgment rendered because it has exhausted its aggregate limits of insurance. Therefore, judgment should be granted in Evanston's favor.

## II. SUMMARY OF FACTUAL BACKGROUND

Evanston issued a Specified Medical Professions Insurance Policy to Armor Correctional Health Services, Inc. ("Armor") under policy number, SM910916, effective from December 1, 2015 to December 1, 2016 ("the 15-16 Evanston Policy") that provides an each claim professional liability limit or each occurrence general liability limit of $1,000,000 and aggregate limits of $5,000,000. (Proposed Findings of Fact "PFOF" ¶1)

Armor and certain of its employees or agents were named as defendants in this lawsuit. It is alleged generally that Armor and its employees or agents, as well as other defendants, provided inadequate and unconstitutional health care to Kristina Fiebrink while she was an inmate in the Milwaukee County Jail and that resulted in her death. The lawsuit asserts various causes of action against Armor and its employees and agents including claims actionable under 42 U.S.C. § 1983, as well as negligence and wrongful death. (First Amended Complaint, ¶¶ 95-149 [Dkt. 57])

Evanston is joined as a defendant pursuant to Wis. Stat. § 803.04(2). (First Amended Complaint, ¶ 31 [Dkt. 57]) While this lawsuit was pending, Evanston made payments under the 15-16 Evanston Policy to settle or otherwise resolve other lawsuits or claims pending against Armor and/or other persons or entities that qualify as Insureds on the 15-16 Evanston Policy. (PFOF ¶¶ 5-6) Evanston settled three lawsuits that exhausted the $5,000,000 aggregate limits of insurance on the 15-16 Evanston Policy. (PFOF ¶¶ 6-7) Pursuant to the terms of the 15-16 Evanston Policy, because the aggregate limits of insurance have been exhausted, Evanston no longer has a contractual duty to indemnify the Insureds in this lawsuit. (PFOF ¶ 8)

### III. LEGAL STANDARD

A court must grant summary judgment where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A material fact is one that affects the outcome of the suit. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Once the movant makes an initial showing that it is entitled to judgment, the non-movant must set forth facts, supported by evidence, showing that a genuine dispute for trial exists to avoid summary judgment. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 951 (7th Cir. 2013).

Summary judgment is a favored remedy. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action." *Rich Prod. Corp. v. Kemutec, Inc.,* 66 F. Supp. 2d 937, 954 (E.D. Wis. 1999), aff'd, 241 F.3d 915 (7th Cir. 2001) (quoting *Celotex Corp.*, 477 U.S. at 327). Summary judgment "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." *Rich Prod. Corp.,* 66 F. Supp. 2d at 954 (quoting *United Food & Commercial Workers Union Local No. 88, AFL-CIO, CLC v. Middendorf Meat Co.*, 794 F. Supp. 328, 330 (E.D. Mo. 1992)).

### IV. ARGUMENT

Plaintiffs failed to plead the necessary elements of a Direct Action against Evanston, because they failed to plead Wis. Stat. § 632.24. Moreover, even if properly pled, Evanston cannot be liable under the Section 632.24 because its aggregate limits of insurance are exhausted.

A.     **Plaintiffs Failed To Properly Plead A Direct Action Claim.**

The sole basis asserted by Plaintiffs to join Evanston as a defendant is Wis. Stat. § 803.04(2), which provides, in relevant part:

\*     \*     \*

> (a) In any action for damages caused by negligence, any insurer which has an interest in the outcome of such controversy adverse to the plaintiff or any of the parties to such controversy, or which by its policy of insurance assumes or reserves the right to control the prosecution, defense or settlement of the claim or action, or which by its policy agrees to prosecute or defend the action brought by plaintiff or any of the parties of such action, or agrees to engage counsel to prosecute or defend said action or agrees to pay the costs of such litigation, is by this section made a proper party defendant in any action brought by plaintiff in this state on account of any claim against the insured…

\*     \*     \*

Section § 803.04(2) is not a cause of action against Evanston. Instead, it is a procedural mechanism that allows an insurer to be joined to a negligence action against its insured. A Direct Action claim has two components under Wisconsin law, a procedural statute, Section § 803.04(2), and a substantive statute, Section 632.24. Both statutes must be satisfied for a Plaintiff to maintain a Direct Action against an insurer. *See Decade's Monthly Income & Appreciation Fund by Keierleber v. Whyte & Hirschboeck, S.C.*, 495 N.W.2d 335, 340 (1993); *see also Wimmer v. Rental Serv. Corp.*, 366 F. Supp. 2d 814, 819 (W.D. Wis. 2005) (citing *Kenison v. Wellington Insurance Co.*, 218 582 N.W.2d 69, 71 n. 2 (Ct.App.1998) (overruled on other grounds by *Casper v. Am. Int'l S. Ins. Co.*, 800 N.W.2d 880, 897 (Wis. 2011)). Plaintiffs only pled one of the two requirements to maintain a Direct Action against Evanston, the procedural requirement. Accordingly, because Plaintiffs failed to plead the substantive requirement of a Direct Action, Wis. Stat. § 632.24, they failed to state a claim against Evanston such that it should be dismissed as a matter of law.

### B. Evanston Cannot Be Liable For Any Judgment Under the Direct Action Statutes Because It Exhausted Its Limits of Insurance.

More importantly, even if Section 632.24 was properly pled, Evanston cannot be liable under the statute because its limits of insurance are exhausted. Wis. Stat. § 632.24 provides in relevant part:

> Any bond or policy of insurance covering liability to others for negligence makes the insurer liable, up to the amounts stated in the bond or policy, to the persons entitled to recover against the insured for the death of any person or for injury to persons or property, irrespective of whether the liability is presently established or is contingent and to become fixed or certain by final judgment against the insured. Wis. Stat. § 632.24

According to Wis. Stat. § 632.24, an insurer may only be liable up to its limits of insurance. Evanston's limits of insurance are exhausted due to settlements of other lawsuits and claims. (PFOF, ¶¶6-7). Since Evanston is only liable up to its policy limits and those limits have been paid, Evanston can no longer be held directly liable for the alleged negligence of Armor or any other putative insured. Therefore, because Evanston cannot be liable for any judgment entered in this lawsuit, summary judgment should be granted in its favor.

In *Lovelien and Kroening v. Austin Mut. Ins. Co.*, 906 N.W.2d 728 (Ct. App. Wis. 2017), the insurer was dismissed after it exhausted its policy limits in settlement of multiple claims. In *Lovelien and Kroening*, Austin Mutual issued a $500,000 commercial auto policy to Donald and D. Lewallen Construction. *Id.* at 739. A Lewallen Construction vehicle was involved in a significant auto accident in which three people died and two others, Lovelien and Kroening, suffered injuries. *Id.* at 738. Austin Mutual paid $245,000 of its limits to settle some, but not all the claims. *Id.* at 739. Austin Mutual deposited the remaining $255,000 with the court to be

distributed between Lovelien and Kroening. *Id.* Because its policy limits had been exhausted, the circuit court then dismissed Austin Mutual as a defendant. *Id.* at 740.

Lovelien and Kroening appealed the dismissal of the insurer contending Section 632.24 required the policy limits be distributed on a pro rata basis among the claimants. *Id.* at 742. The Wisconsin Supreme Court found the plain language of Section 632.24 did not require pro rata distribution of the policy limits. *Id.* at 744. Instead, the statute only required that the insurer be liable up to its limits. *Id.* Therefore, because Austin Mutual exhausted its limits of insurance by tendering the remaining limits to the court, it was properly dismissed from the lawsuit. *Id.* at 749.

Likewise, in this case Evanston has exhausted its limits of insurance in settlement of other claims against Armor. (PFOF at ¶¶6-7). While the settlements by Evanston were made in different lawsuits, Section 632.24 does not require that the settlements that exhaust the limits of insurance be made in the lawsuit at issue. Therefore, like the insurer in *Lovelien and Kroening*, because Evanston exhausted its aggregate limits of insurance, judgment cannot be entered against it pursuant to Section 632.24, and Evanston should be dismissed as a matter of law.

## V. <u>CONCLUSION</u>

In conclusion, to maintain a Direct Action against an insurance company, Wisconsin law requires that both Wis. Stat. §§ 632.24 and 803.04(2), must be pled and their various elements satisfied. Plaintiffs failed to plead Wis. Stat. § 632.24, the substantive Direct Action statute. This deficient pleading in itself requires the lawsuit be dismissed against Evanston. More importantly, even if pled, Evanston cannot be liable for any judgment under Wis. Stat. § 632.24, because it has already exhausted the applicable aggregate limits of insurance. Therefore, judgment should be entered in Evanston's favor.

WHEREFORE, Evanston Insurance Company respectfully requests that judgment be entered in its favor and that it be dismissed with prejudice and granted any other relief this Court deems just and necessary.

**Dated:** March 6, 2019

Respectfully Submitted,

EVANSTON INSURANCE COMPANY,

By: /s/Christopher J. Nadeau
Christopher J. Nadeau
Rhani A. Elrahman
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
10 S. Wacker Dr. Suite 2100
Chicago, Illinois 60606
(p) 312-585-1456
(o) 312-585-1400
(f) 312-585-1401
cnadeau@nicolaidesllp.com
relrahman@nicolaidesllp.com